FILED



JAN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO PEREZ-MARTINEZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-72256

Agency No. A205-405-869

ORDER

Before:  SILVERMAN, BEA, and WATFORD, Circuit Judges.

Perez-Martinez's petition for panel rehearing (Docket Entry No. 23) is granted. The petition for rehearing en banc (Docket Entry No. 23) is denied as moot.

The memorandum disposition filed on May 18, 2018 (Docket Entry No. 22) is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO PEREZ-MARTINEZ, Petitioner, v. MATTHEW G. WHITAKER, Acting Attorney General, Respondent. | No.   16-72256 Agency No. A205-405-869 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:  SILVERMAN, BEA, and WATFORD, Circuit Judges.

Guillermo Perez-Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We grant in part and dismiss in part the petition

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for review.

The BIA did not have the benefit of *Pereira v. Sessions*, 138 S. Ct. 2105, 201 L. Ed. 2d 433 (2018), which held that a notice to appear that does not specify a time and date of hearing does not trigger the stop-time rule, when it denied cancellation of removal for failure to establish ten years of continuous physical presence. Thus, we remand for the BIA to consider continuous physical presence in light of *Pereira*.

We lack jurisdiction to review Perez-Martinez's unexhausted contentions regarding ineffective assistance of counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; and REMANDED.**